**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA**

CYNTHIA SONNEMANN,

     Plaintiff,

v.

                                Case No.:

ANTHEM, previously known as
EMPIRE BLUE CROSS AND BLUE
SHIELD,

     Defendant.

## COMPLAINT

Plaintiff Cynthia Sonnemann ("Plaintiff") alleges in support of her Complaint against Defendant Anthem, previously known as Empire Blue Cross and Blue Shield ("Defendant BCBS") for failing to pay health benefits states as follows:

## NATURE OF ACTION

This is a civil action arising under the laws of the United States, specifically the Employment Retirement Income Security Act of 1974, Title 29, United States Code Sections 1000-1461 ("ERISA"), for Defendant's wrongful denial of Plaintiff's health insurance benefits for damages, attorney's fees and costs, and for other relief within the subject matter jurisdiction of this Court.

## JURISDICTION AND VENUE

1.      This Court possesses original jurisdiction pursuant to Title 29, United States Code, Section 1132(e), and Title 28, United States Code, Section 1331.

2.      Venue is proper in the Middle District Court of Florida pursuant to Title 29, United States Code, Section 1132(e) and Title 28, United States Code, Section 1391 (b) because the facts and circumstances *(e.g.,* claim denial and payment of health benefits) giving rise to this cause of action transpired (in whole or in part) in Hillsborough County, Florida and (2) Defendant conducts a substantial amount of business in this District and in Hillsborough County, Florida.  Plaintiff also resides in this District.

3.      This is an action that involves parties and property located within the venue of this Court, and venue is otherwise proper pursuant to 28 U.S. Code § 1391.

## THE PARTIES

4.      At all times material hereto, Plaintiff was a beneficiary under a group health insurance plan procured by her spouse through her spouse's employment. Attached hereto as Exhibit "**A**" is a true and correct copy of the Certificate of Coverage and Health Benefits Plan.  The Plan Beneficiary, Cynthia Sonnemann, at all times was a Florida resident and residing in Hillsborough County, Florida.

5.      At all times material hereto, the Defendant, BCBS, is a New York

based health insurance company authorized to, and doing business in the state of Florida and providing health insurance coverage and plan administration services to Florida residents, including Plaintiff.

6.    A substantial part of the events or omissions giving rise to the claim occurred in Hillsborough County, Florida.

7.    At all times material hereto, the Defendant BCBS administered health benefits and related services in the State of Florida, and is subject to the jurisdiction of this Court.

8.    At all times material hereto, Defendant BCBS insured and administered employer health benefits and administered health insurance claims for Plaintiff in the State of Florida and more specifically in Hillsborough County, Florida.

9.    At all times material hereto, Sequoia One PEO, LLC, is and was a self-funded employer that sponsored a health insurance plan of which Plaintiff was a beneficiary. Sequoia One PEO, LLC employed more than 20 employees at all relevant times.

10.    Under the terms of the Plan administered by Defendant BCBS, patients who are covered under plans that Defendant administers, like Plaintiff, are entitled to payment for medically necessary health benefits.

11.    At all times material hereto, the Defendant BCBS was a plan and claims administrator for Sequoia One PEO, LLC, a self-funded employer sponsored health insurance plan, of which, Plaintiff was a beneficiary.

**PRELIMINARY STATEMENT**

Plaintiff is the spouse that was covered under her husband's insurance policy.  Plaintiff required surgery to remove cancerous lymph nodes from her neck.  Plaintiff originally was diagnosed with thyroid papillary carcinoma approximately twenty years ago.  Plaintiff was thereafter, in or about October 2022, diagnosed with the rare occurrence of the thyroid papillary carcinoma reoccurring.  Plaintiff was originally referred to thyroid surgeons conducting operations out of Tampa General Hospital.  Plaintiff was subsequently referred to her current surgeon due to the rare occurrence of having the cancer again.  On or about January 16, 2023, Plaintiff had surgery at Tampa General Hospital on her neck to remove the cancer. Plaintiff at all material times went to a surgeon and Tampa General Hospital that were preferred providers under the BCBS plan.

Thereafter, Defendant BCBS refused to pay for the surgery.  No payments were made to Tampa General Hospital for the surgery.  Plaintiff filed an appeal and Defendant BCBS continued to deny payment for the medically necessary surgery to remove the cancer.  Plaintiff also sought an external review, which was also denied.  Defendant BCBS continues denial of payment of surgery for the removal of the cancer.  To date, Defendant BCBS refuses to pay for the necessary surgery required to remove the cancer.  Defendant BCBS failed to consider Plaintiff's health and wellbeing and has shown a lack of regard to the standard of health care provided in the State of Florida.

## STATEMENT OF FACTS

1.      At all material times, the Plan Beneficiary was covered by the health insurance plan sponsored and self-funded by her spouse's employer, Sequoia One PEO, LLC.  See Exhibit A.

2.      Defendant BCBS was the Plan and claims administrator for Sequoia One PEO, LLC.  Defendant BCBS is solely responsible to Plaintiff as a fiduciary with complete authority to review and deny claims for benefits under the Health Plan.

3.      At all material times, the Plan Beneficiary required medical services. More specifically, Plaintiff's treating providers determined that Plaintiff required surgery to remove the cancer.

4.      In or about October 2022, Plaintiff was diagnosed with the rare re-occurrence of thyroid papillary carcinoma.

5.      Plaintiff previously had thyroid papillary carcinoma in 2004.

6.      Due to the reoccurrence of the cancer, Plaintiff's treating endocrinologist referred Plaintiff to thyroid surgeons at Tampa General Hospital in Tampa, Florida.

7.      Due to the reoccurrence of cancer, Plaintiff was then referred to Dr. Thomas McCaffrey, an experienced doctor handling cancer cases like Plaintiff's diagnosis.

8.      On January 16, 2023, Dr. Thomas McCaffrey, an in-network surgeon under the health benefits plan, performed surgery on Plaintiff at Tampa General

Hospital, an in-network hospital.  Dr. Thomas McCaffrey removed various lymph nodes from Plaintiff's neck, including a cancerous one.

9.      The Defendant BCBS limited overnight hospitalization in the initial approval unless it was medically necessary for problems such as fever, bleeding, or pain.

10.      Dr. Thomas McCaffrey determined it was medically necessary for Plaintiff to stay overnight in the hospital after the surgery because based on his medical opinion, Plaintiff required continuous IV antibiotics to prevent infection and Plaintiff was experiencing large amounts of draining blood and fluid from the neck incision.  Plaintiff was also experiencing pain and receiving treatment due to the invasive procedure and large incision in her neck.

11.      Plaintiff was discharged the following day from the hospital.

12.       Thereafter, on April 8, 2023, Defendant BCBS denied payment for services on the basis that "a full hospital admission" was not medically necessary. A true and correct copy of Defendant's Denial is attached hereto as Exhibit "**B.**" In its denial, Defendant BCBS did not state that it was denying payment of services for Plaintiff's required surgery. Defendant BCBS only reported denial for the overnight hospitalization.  Despite Defendant BCBS only denying coverage to pay for Plaintiff's overnight stay, it failed to pay for any of the surgery services. Defendant BCBS has refused to pay for any fees for the surgery, including the actual fees for the surgery performed at Tampa General Hospital despite only disputing coverage for overnight hospitalization.

13.     Defendant BCBS has failed to pay $57,414.45 for the surgical services, patient care, and inpatient hospitalization.  A true and correct copy of the Notice of Denial of Medical Coverage is attached hereto as Exhibit "**C**."

14.     Plaintiff then filed an external appeal of the denial of payment of all surgical services, patient care, and inpatient stay.

15.     On May 30, 2023, the Defendant BCBS's external appeal decision maker upheld the denial of payment for inpatient stay based on no medical necessity in opposition to the determination of Dr. Thomas McCaffrey.  The external appeal also failed to address the denial of the payment for all surgical services and other patient care. A true and correct copy of the external appeal is attached hereto as Exhibit "**D**."  Defendant BCBS and the external reviewer both failed to make a determination that the surgical services and other patient care were not medically necessary.

16.     Defendant BCBS relied on the external review that supported its decision on payment of fees for inpatient stay, without any determination of the medical necessity of actual surgical services and other patient care, to refuse all payments for the inpatient stay, surgical services, and other patient care.

17.     At all material times, surgery and all medical services were performed by an in network provider at an in network hospital covered by the Defendant BCBS Health Plan.

18.     All services rendered by Dr. Thomas McCaffrey and Tampa General Hospital were reasonable and necessary to the treatment of Plaintiff for the

surgical removal of the cancer and proper intervention to prevent infection and address the excess drainage.

19.     By virtue of multiple violations and wrongful denial of benefits by the Defendant BCBS and its agents, Plaintiff has been forced to retain the services of the undersigned counsel and has agreed to pay said attorney a reasonable fee for his services.

20.     All conditions precedent to the institution of this action (e.g., administrative pre-suit appeals) have occurred, been performed, been waived, or were futile.

### COUNT I violation of §502(a) of ERISA against Defendant

Plaintiff incorporates the allegations contained in Paragraphs 1 through 20 as if fully stated herein and says further that.

21.     Plaintiff is a Plan Beneficiary under §502(a) of ERISA.

22.     As a Plan Beneficiary under §502(a) of ERISA, Plaintiff is entitled to recover benefits under the terms of the plan administered by Defendant BCBS, its agents, and employees, under which she is covered.

23.     The terms of the health benefit plan at issue in this action obligates Defendant BCBS, its agents, and employees, to cover and make payment to Plaintiff and/or Tampa General Hospital for cancer surgery and covered services in accordance with its terms.

24.     The terms of the health benefit plan under section XI Inpatient Services provides for inpatient hospital services for "Acute care or treatment given or ordered

by a Health Care Professional for ... [a] disease of severity that must be treated on an inpatient basis..." *See* Exhibit **A**, p. 44.

25.     Dr. Thomas McCaffrey, as a Defendant BCBS Plan Provider, determined the surgery, services, and inpatient care were medically necessary.

26.     Tampa General Hospital submitted all bills associated with the surgery to Defendant BCBS.

27.     Defendant BCBS, its agents, and employees, failed to cover and make full payment of benefits to Plaintiff although she had a serious medical condition with the diagnosis of cancer for which she sought coverage, in violation of ERISA.

28.     Defendant BCBS, its agents, and employees, failed to provide Plaintiff with all rights she is entitled under the terms of the Plan administered by Defendant BCBS, under which she is covered, in violation of ERISA.

29.     Defendant BCBS, its agents, and employees, further violated ERISA by interpreting and implementing ERISA plan terms in a way that was systematically arbitrary and capricious, and failed to provide a benefit determination and appeal process that provides for a full and meaningful review of benefit claims and determinations.

30.     As a direct and proximate cause of the Defendant BCBS's and Defendant's agents' and employees' violations of ERISA, Plaintiff has suffered damages.

31.     Plaintiff is entitled to monetary damages and/or restitution from Defendant.  In particular, Defendant is liable to Plaintiff for unpaid benefits, interest, attorneys' fees, and other penalties as this Court deems just and proper, under ERISA §502(a)(1)(B), 29. U.S.C. §1132(a)(1)(B).

32.     In addition, Plaintiff seeks counsel fees, costs, prejudgment interest and other appropriate equitable relief, due to Defendant's violations of ERISA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CYNTHIA SONNEMANN, prays that this Honorable Court will enter judgment against Defendant, BCBS, as follows:

a.  For monetary damages and civil penalties;

b.  For reasonable attorney's fees and costs of suit;

c.  For all damages allowed under ERISA;

d.  Declaring that BCBS has breached the terms of the health plan and its fiduciary duties under ERISA;

e.  Awarding pre-judgment and post-judgment interest; and

f.  For such other and further relief as the Court deems just and proper.

Dated:      May 10, 2024


                              Respectfully submitted,


                              ___/s/ Dale R. Sisco_____
                              Dale R. Sisco
                              dsisco@sisco-law.com
                              Florida Bar No. 559679
                              Peter A. Luccarelli
                              pluccarelli@sisco-law.com
                              Florida Bar No.: 1030952
                              777 S. Harbour Island Blvd.
                              Suite 320
                              Tampa, FL  33602
                              (813) 224-0555
                              (813) 221-9736 Facsimile
                              *Counsel for Plaintiff*